**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Application of

Weatherford Oil Tool Middle East Ltd.

For an Order to Conduct Discovery for
Use in Foreign Proceedings

Case No.  18 Misc._____

### *EX PARTE* APPLICATION OF WEATHERFORD OIL TOOL MIDDLE EAST LTD FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782

Weatherford Oil Tool Middle East Ltd., (the "Applicant"), respectfully submits this Application for judicial assistance, pursuant to 28 U.S.C. § 1782, in obtaining documentary and testimonial evidence for use in foreign proceeding.   The Applicant seeks evidence from: Citibank, N.A.; The Bank of New York Mellon; Société Générale; HSBC Bank USA, N.A.; BNP Paribas USA; JPMorgan Chase Bank, N.A.; Barclays Bank PLC; Deutsche Bank Trust Co. Americas; Bank of Nova Scotia; Wells Fargo Bank, N.A.; UBS AG; Bank of America, N.A.; Standard Chartered Bank; Commerzbank AG; Bank of China USA – New York Branch, Safra National Bank of New York, and The Clearing House Payments Company LLC (collectively, "Discovery Targets").   In support, the Applicant states as follows:

**Introduction and Factual Background**

The facts relevant to this Application are set forth below and in the sworn Declaration of Ahmed Aly ("Aly Declaration").

Applicant seeks assistance from the United States District Court in and for the Southern District of New York in obtaining documentary and testimonial evidence from the Discovery Targets.   The Discovery Targets are financial institutions found to transact business in this District.   Applicant is seeking authorization to issue subpoenas to the Discovery Targets that are

1

believed to have sufficient information to identify executable assets held by Gulf Oil & Gas FZE ("GOG") (the "Debtor").  See Aly Decl. ¶ Para 2.

In 2009, GOG a UAE entity with its main office Dubai was awarded a contract for the development of the South Yoloten gas field in Turkmenistan.  See Aly Decl. ¶ Para 7.  GOG's obligation under its contract included the construction of sub-surface facilities, ie., the drilling and construction of wells. In 2010, GOG entered into a series of contracts with Weatherford for the drilling and operations of wells. See Aly Decl. ¶ Para 8. Weatherford began and completed drilling operations in accordance with the agreements it had with GOG. However, in breach of its contractual obligations, GOG only paid a fraction of what was owed. See Aly Decl. ¶ Para 9. When Weatherford and other subcontractors withdrew their equipment and began legal proceedings against GOG, GOG shut down its operations in Turkmenistan and closed its office in Dubai. See Aly Decl. ¶ Para 9.

In November 2012, Weatherford filed a request for arbitration before the International Chamber of Commerce, for breach of contract and misrepresentation by the current/former managing directors and, upon information and belief, ultimate beneficial owners and controllers of GOG, Rolf Wegener and Knut Papajewski. See Aly Decl. ¶ Para 11. On November 19, 2014, the Tribunal found GOG in breach of its contractual obligations and ordered GOG to pay damages to Weatherford in the amount of $27,427,951.83 including VAT in compensation for work performed and services and materials supplied under the contract, plus interest. See Aly Decl. ¶Para 16. Further, GOG was ordered to pay $900,000 towards Weatherford's legal costs and $128,333 towards Weatherford's share of the costs of the arbitration (fixed by the ICC Court at $770,000 in total). See Aly Decl. ¶ Para 16. GOG has not paid anything to date. See Aly Decl. ¶ Para 18. It is believed that in anticipation of the award, GOG fraudulently conveyed its assets

to its principals or other entities that are controlled by the principals in order to evade payment of the award.  See Aly Decl. ¶ Para 26.

In March 2015, Weatherford had the award recognized before the English High Court. See Aly Decl. ¶ Para 19. Weatherford is not currently pursuing enforcement in England but is contemplating continued enforcement there based on the information sought through the Discovery Targets to identify any assets that may have been secreted to the U.K. or by way of identifying U.K. entities that are likely to have relevant information as to the existence, location and value of GOG's assets. See Aly Decl. ¶Para 20.

In August 2015, Weatherford also sought to recognize and enforce the award in Dubai, UAE. See Aly Decl. ¶Para 21.  The Dubai Civil Court of First Instance granted the order and ordered notification of the order by publication. See Aly Decl. ¶Para 22.  GOG appealed the order on the basis that service was defective because Weatherford should have notified GOG by email before proceeding with publication. See Aly Decl. ¶Para 22.The Dubai Court of Appeal accepted GOG's argument and revoked the Dubai enforcement order. See Aly Decl. ¶Para 22. Weatherford is currently in the process of  filing  a new application before the Court of First Instance again seeking to recognize and enforce the award.

Weatherford intends to use the information sought through the instant Application for the purpose of understanding the location of GOG's assets and to otherwise assist in the Dubai enforcement. See Aly Decl. ¶ Para 39.  The information sought through this Application is the only practical and comprehensive way Applicant can obtain the complete picture of GOG's movement of funds outside of its company. See Aly Decl. ¶ Para 39. The information sought will also help identify any assets located in the UK or in Dubai to attach in the Enforcement Proceedings. See Aly Decl. ¶ Para 39.  Once Applicant understands what happened to the assets of GOG, it may seek an order in the Dubai Enforcement Proceedings to either find that the

managers were liable for the loss of GOG assets or to prove that that the assets were illegally transferred to GOG's ultimate shareholders. See Aly Decl. ¶ Para 39. Once those findings are made, Weatherford may be entitled to arrest the managers or start criminal proceedings against the GOG shareholders and hold them personally liable. See Aly Decl. ¶ Para 39.

### Nature of Evidence Sought and Relief Requested

The Applicant seeks documentary and testimonial evidences from 16 Discovery Targets found and transacting business in the Southern District of New York. These Discovery Targets are commonly known to act as correspondent or intermediary banks for U.S. dollar-denominated wire transfers passing from domestic banks to international banks, and vice versa, where funds are believed to be held in the name of GOG's ultimate beneficial owners, and their affiliates. See Aly Decl. ¶ Para 36 and 37. As a result of Weatherford's interactions with GOG to date, and investigations carried out on Weatherford's behalf, it is clear that GOG conducts significant profitable transactions in U.S. Dollar. See Aly Decl. ¶¶ Para 37.

Specifically, the evidence sought from the Discovery Targets is evidence of wire transfers naming GOG, its ultimate beneficial owners and their affiliates. Investigations have identified the entities and individuals listed in Exhibit 5 to Aly's Declaration as being affiliated with GOG, the award debtor or otherwise necessitating further inquiries.

Accordingly, this Application seeks leave to serve subpoenas, in substantially the same form as the sample subpoena attached as Exhibit A, on the Discovery Targets the documentary and testimonial evidence, described above, regarding wire transfers naming GOG, its ultimate beneficial owners and their affiliates.

As demonstrated below, Applicant meets the mandatory requirements and discretionary factors for granting this relief under § 1782.

## ARGUMENT

### I.      Standard for Granting Relief

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004). Section 1782 is "provided for assistance in obtaining documentary and other tangible evidence as well as testimony." Id. at 248. The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

Courts have distilled § 1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief. First:

> A district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

5

Optimal Inv. Servs., S.A. v. Berlamont, 773 F.3d 456, 460 (2d Cir. 2014); Mare Shipping Inc. v. Squire Sanders (US) LLP, 574 Fed.Appx. 6, 8 (2d Cir. 2014) (summary order); accord Intel, 542 U.S. at 256-63 (addressing the factors).[1]

Next, once a District Court has determined that the mandatory requirements for relief under § 1782 are met, the Court is free to grant discovery in its discretion. Optimal Inv. Servs., S.A., 773 F. 3d at 460. To aid that discretion, the Intel Court delineated the following four factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the Unites States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65; Gushlak, 486 Fed. Appx. at 218 (reciting factors).[2]

## II.    Applicant Meets the Mandatory Requirements for Granting Relief

---

[1] District courts may, and indeed typically do, grant § 1782 on an *ex parte* basis. Gushlak v. Gushlak, 486 Fed.Appx. 215, 217 (2d Cir. 2012) ("it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure 45(c)(3).") (citing further authority therein) (summary order).

[2] The Court's discretionary analysis should be guided by the twin congressional policy aims of § 1782. Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 81 (2d Cir. 2012) ("District courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.") (internal citations omitted); Gushlak, 486 Fed.Appx. at 218 (same); see also Intel 542 U.S. at 252 (rejecting additional requirements to granting relief as they "would disserve § 1782's twin aims").

**A.      The Discovery Targets Reside or are Found in this District**

As demonstrated below, each Discovery Target is found in this District by maintaining a headquarters or branch location here. Moreover, as financial institutions, the Discovery Targets transact business in this District, thus satisfying the first mandatory requirement of § 1782.

A legal entity, as opposed to a natural person, "resides or is found in" a district, pursuant to § 1782, when it has engaged in systematic and continuous activity in the district. In re Godfrey, 526 F.Supp.2d 417, 422 (S.D.N.Y. 2007).[3] To satisfy this standard, this Court has looked to whether the entity is incorporated or headquartered here. Id.; see also In re Application of Gemeinschaftspraxis Dr. med. Schottdorf, No. Civ. M19-88 (BSJ), 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) (looking to whether the corporation was headquartered in the District). This Court has also held that a foreign bank "resides or found in" this District when it operates a branch here. In re Application of Kreke Immobilien KG, No. 13 Misc. 110(NRB), 2013 WL 5966916 at *3 (finding that the first requirement of the § 1782 analysis was satisfied where Deutsche Bank AG operated a branch in the Southern District of New York).

Accordingly, each Discovery Target resides or is found in this District by virtue of the location of a headquarters or branch, and because each regularly transacts business here. Specifically:

1.      Citibank, N.A. is a financial services institution that regularly transacts business in this District, maintains several branches here, and is believed to be headquartered at 388 Greenwich Street, New York, New York 10013;

---

[3] Additionally, Professor Hans Smit, drafter of § 1782, has commented: "Insofar as the term ["found"] applies to legal rather than natural persons, it may safely be regarded as referring to judicial precedents that equate systematic and continuous local activities with presence." Hans Smit, American Assistance to Litigation in Foreign and Int'l Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited, 25 Syracuse J. Int'l L. & Com. 1, 10 (Spring 1998); see In re Godfrey, 526 F.Supp.2d at 422 (citing to Professor Smit).

2.      The Bank of New York Mellon is a financial services institution that regularly transacts business in this District, maintains several branches here, and is believed to be headquartered at 225 Libert Street, New York, New York 10281;

3.      Société Générale is a financial services institution that regularly transacts business in this District and has at least two branch locations here at 245 Park Avenue, New York, NY 10167, and 630 Fifth Avenue, New York, NY 10111;

4.      HSBC Bank USA, N.A. is a financial services institution that regularly transacts business in this District, maintains several branches here, and is believed to be headquartered at 452 Fifth Avenue, New York, NY 10018;

5.      BNP Paribas USA, is a financial services institution that regularly transacts business in this District and maintains at least two branch locations here at 787 7th Avenue, New York, NY 10019, and 1350 Avenue of the Americas, New York, NY 10019.

6.      Barclays Bank PLC is a financial services institution that regularly transacts business in this District and maintains at least one branch at 745 Seventh Avenue New York, NY 10019;

7.      JPMorgan Chase Bank, N.A., is a financial services institution that regularly transacts business in this District, maintains several branches here, and is believed to be headquartered at 270 Park Avenue, New York, NY 10017;

8.      Deutsche Bank Trust Co. Americas is a financial services institution that regularly transacts business in this District and maintains several branches here, including branches at 60 Wall Street, New York, NY 10005;

9.      The Bank of Nova Scotia is a financial services institution that regularly transacts business in this District and maintains a branch locations here at 250 Vesey  Street, New York, NY 10281;

10.     Wells Fargo Bank, N.A. is a financial services institution that regularly transacts business in this District and maintains several branches here, including 120 Seventh Avenue, New York, NY 10011;

11.     UBS AG is a financial services institution that regularly transacts business in this District and maintains at least one branch location here at 299 Park Avenue, New York, NY 10171;

12.     Bank of America, N.A. is a financial services institution that regularly transacts business in this District and maintains several branches here;

13.     Standard Chartered Bank is a financial services institution that regularly transacts business in this District and maintains at least one branch location here at 1095 Avenue of the Americas,  New York, NY 10036;

14.     Commerzbank AG is a financial services institution that regularly transacts business in this District and maintains a branch locations here at 225 Liberty Street, New York, NY 10281; and

15.     Bank of China USA, New York Branch is a financial services institution that regularly transacts business in this District and maintains a branch at 1045 Sixth Avenue, New York, NY 10018.

16.     Safra National Bank of New York is a financial services institution that regularly transacts business in this District and maintains a branch at 546 Fifth Avenue, New York, NY 10036

17.     The Clearing House Payments Company LLC ("TCH") provides both transmission of instruction messages and settlement of funds between financial institutions that is used to process international U.S. dollar funds transfers made among international banks. TCH maintains an office at 1114 Avenue of the Americas, 17th Floor, New York, NY 10036.

Accordingly, Applicant has satisfied the first requirement under § 1782.

### B.      The Discovery Sought is for use in a Proceeding in a Foreign Tribunal

Likewise, Applicant satisfies the second requirement as the discovery Weatherford seeks through the instant application is for use in the Dubai Enforcement Proceedings in order to identify any assets that may have been secreted to the UK or by way of identifying UK entities that are likely to have relevant information as to the existence, location and value of GOG's assets. See Aly Decl. ¶ Para 20.  *See In re Application of Temporary Service Ins. Ltd.*, 2009 WL 2843258 (W.D.N.Y. Aug. 28, 2009) (granting discovery to assist a judgment creditor in locating assets to enforce a judgment in Cayman Islands.)

### C.      Applicant is an Interested Person

Finally, Applicant is an interested person as a claimant in the Ongoing Dubai Proceedings. See Aly Decl, ¶ Para 43. A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance… qualifies as an interested person within any fair construction of that term." Intel, 542 U.S. at 256-7 (2d Cir. 2004) (internal citations omitted); RTI Ltd. V. Aldi Marine Ltd., 523 Fed.Appx. 750, 751-2 (2d Cir. 2013) (same) (summary order). As such, Applicant meets the third mandatory requirement.

### III.      This Court Should Exercise its Discretion in Favor of Granting Relief

As noted above, once the District Court has determined that the mandatory requirements for relief under § 1782 are met, the Court is free to grant discovery in its discretion. Optimal Inv. Servs., S.A., 773 F. 3d at 460.[4] Additionally, that discretion must be guided by the twin policy

---

[4] The four factors guiding that discretion again are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because the "need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to

aims of § 1782: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.  Brandi-Dohrn, 673 F.3d at 81. Here, these discretionary factors weigh in favor of granting the requested relief.

First, there is no expectation that any of the Discovery Targets will be parties to the Ongoing Dubai Proceedings. See Aly Decl, ¶ Para 40. Importantly, the documentary evidence sought from the Discovery Targets, will assist Weatherford in executing the Award by way of the Dubai Enforcement Proceedings by locating GOG's assets, and tracing assets that were diverted from GOG, including identifying entities affiliated with GOG, Siro, and/or the ultimate owners and controllers of either. See Aly Decl, ¶ Para 38. Thus, since the Discovery Targets will not be parties to the Dubai Enforcement Proceedings, the need for the evidence sought herein through the instant Application is more apparent and this factor weighs in favor of granting recognition.

Second, Dubai counsel for Applicant has advised that the documentary and testimonial evidence sought through the instant Application would likely be admissable in the Dubai Enforcement Proceedings and does not otherwise circumvent any UAE evidentiary restrictions. See Aly Decl. ¶ Para 40. Even if the documents were not used as evidence in that proceeding, the Second Circuit has held that Section 1782(a) contains no requirement that particular evidence be admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal." Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 77 (2d Cir. 2012).

Third, Applicant's Dubai counsel has advised that there is no indication courts of UAE

---

U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the Unites States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." Intel, 542 U.S. at 264-65.

would not be receptive to the documentary and testimonial evidence sought through the instant Application.

Finally, this Application is not unduly intrusive or burdensome. See Aly Decl. ¶ Para 43. The proposed requests to the Discovery Targets, demonstrated in the sample subpoena attached as **Exhibit A**, seek only documents during the period beginning with January 1, 2010, the year when GOG was entered into a series of agreements with Weatherford for the drilling and operations of wells, to the present. See Aly Decl. ¶ Para 8. The request for wire transfer information is the type of evidence banking institutions regularly retrieve and produce as third parties in litigation.

As such, each discretionary factor identified by the Intel Court weighs in favor of granting the Application.

WHEREFORE, Applicant respectfully requests this Court to enter an Order, in the proposed, or substantially similar, form attached hereto as **Exhibit B**:

(a) exercising its discretion, pursuant to 28 U.S.C. § 1782, and granting this Application for Judicial Assistance;

(b) ordering that discovery taken pursuant to this Application and Order will be governed by the Federal Rules of Civil Procedure;

(c) granting Applicant leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoenas, in substantially similar form as the sample subpoena attached as **Exhibit B** to this Application;

(d) ordering the preservation of relevant and potentially relevant documents in the possession, custody or control of the Discovery Targets; and

(e) any other relief this Court deems just and proper.

Dated: September 5, 2018

Respectfully submitted,

By: _____

    Nazy Modiri

KELLNER HERLIHY GETTY & FRIEDMAN LLP
*Attorneys for Weatherford Oil Tool Middle East Ltd.*
470 Park Avenue South–7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Email: nm@khgflaw.com